Citation Nr: 1706041 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 09-42 585 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUE

Entitlement to service connection for psychiatric disability, including posttraumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

K. J. Kunz, Counsel


INTRODUCTION

The Veteran served on active duty from January 1970 to August 1972.

This matter comes on appeal before the Board of Veterans' Appeals (Board) from an August 2008 rating decision of the United States Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida. The Veteran has since relocated, and his case is being handled through the RO in Detroit, Michigan. In the August 2008 rating decision the RO granted service connection for PTSD.

In July 2013 the Board remanded the claim for service connection for psychiatric disability including PTSD to the RO for the development of additional evidence.

In a May 2016 decision the Board denied service connection for psychiatric disability including PTSD.

The Veteran appealed the May 2016 Board decision to the United States Court of Appeals for Veterans Claims (Court). In November 2016 the Veteran and VA (the parties) filed a Joint Motion for Partial Remand (JMPR), asking the Court to vacate the part of the Board decision that denied service connection for psychiatric disability including PTSD, and to remand that issue to the Board for additional action. The Court granted the JMPR in November 2016.

At this time the appeal is again REMANDED to the Agency of Original Jurisdiction (in this case, the RO). VA will notify the appellant if further action is required.


REMAND

The Veteran contends that he had PTSD or other psychiatric disability that began during service or is attributable to events during service. The Board is remanding the claim again to seek additional relevant information and opinion.

The Board's instructions to the RO in the July 2013 remand included providing a VA mental disorders examination for the Veteran, with the examiner to review the file and provide findings and opinions addressing particular questions. The Veteran had a VA mental health disorders examination in December 2013. In the 2016 JMPR the parties concluded (and the Court endorsed) that the report of the 2013 examination did not fulfill the instructions in the 2013 Board remand. The parties found that the examination report did not address all of the traumatic events during service that the Veteran reported after service. The Board is remanding the case for a new VA examination with file review and opinions addressing the relevant matters.

In addition, the parties to the JPMR found and the Court endorsed that, in the May 2016 decision, the Board improperly reached a conclusion that required medical knowledge. It was found that the Board did this in making a finding as to how likely it is that events during the Veteran's service contributed significantly to producing his current psychiatric disability. The examination on remand is to include review and opinion on that question from a mental health professional.

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a new VA mental disorders examination, performed by a psychiatrist or psychologist, to obtain additional findings and opinions relevant to the question as to the likely etiology of current psychiatric disorders. Provide the Veteran's claims file to the examiner for review. Ask the examiner to review the claims file and examine the Veteran. Ask the examine to provide clear, thorough explanations of his or her findings and opinions.

Ask the examiner to comment on the Veteran's accounts of stressful and traumatic experiences during service to include his July 2009 statement. The Veteran reported that other service members believed that he had informed or might inform authorities of their drug activity and as a result he faced their anger, threats, and feared for his life; he reported he was physically assaulted in service and was nearly thrown overboard which could have resulted in his death; and he reported that during his service his mother died in a motor vehicle accident and he identified her terribly damaged body. 

Ask the examiner to consider evidence from the Veteran's file to include service records, with attention as to whether any evidence regarding the Veteran's behavior or performance during service supports or undermines his accounts of stressful or traumatic experiences during service and effects from such experiences.

Ask the examiner to consider that after the Veteran's service he sustained a leg injury that later necessitated amputation, and he witnessed his grandson's suicide. 

Ask the examiner to provide diagnoses for the Veteran's current psychiatric disabilities, and specifically to indicate whether he has PTSD.

Ask the examiner, if he or she concludes that the Veteran has PTSD, to provide an opinion as to whether it is at least as likely as not (a 50 percent or greater likelihood) that the PTSD had onset during service, or has a significant relationship to events during service.

Ask the examiner, for each current psychiatric disorder other than PTSD that he or she finds the Veteran has, to provide an opinion as to whether it is at least as likely as not (a 50 percent or greater likelihood) that the disorder had onset during service, or has a significant relationship to events during service.

2. Thereafter, review the expanded record and reconsider the claim. If the remanded matter remains denied, send the Veteran and his representative a supplemental statement of the case and give them an opportunity to respond before returning the file to the Board for further appellate consideration.

The Board intimates no opinion as to the ultimate outcome of the remanded matter. The appellant has the right to submit additional evidence and argument on that matter. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).




_________________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).